UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BROWN,

    Plaintiff,

v.

JANE/JOHN DOE, et al.,

    Defendants.

No. 2:18-cv-2117 KJN P

ORDER

I. Introduction

Plaintiff is a prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As set forth below, plaintiff's complaint is dismissed with leave to amend.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

While housed in administrative segregation at California State Prison, Solano, on October 16, 2017, plaintiff mailed a letter to his attorney discussing matters in plaintiff's criminal case. On October 18, 2017, plaintiff's confidential mail was returned to him, sealed with tape, and a statement by mailroom personnel: "Received in mailroom opened by ISU Dept." (ECF No. 1 at 12.) Plaintiff filed an administrative appeal challenging the opening of his mail outside his presence, and argues that such opening violates his Sixth Amendment right to confidentially communicate with his lawyer, as well as prison regulations. (ECF No. 1 at 13-20.)

Plaintiff also appears to seek consolidation of this action with his pending petition for writ of habeas corpus, Brown v. Arnold, No. 2:18-cv-0238 TLN DMC (E.D. Cal.), in which he challenges a 2016 prison disciplinary. (ECF No. 1 at 4.)

As relief, plaintiff asks that his habeas petition be granted, and relief be granted "as sought (see attached)." (ECF No. 1 at 6.)

IV. Discussion

A. Consolidation

Plaintiff is advised that it is not appropriate to consolidate a civil rights action with a federal habeas action. Both cases involve different legal standards, as well as different facts and parties. Plaintiff's request is denied, and should be omitted from any amended complaint.

B. Relief

Plaintiff is seeking habeas relief in No. 2:18-cv-0238 TLN DMC. But the undersigned is unable to grant plaintiff relief sought in a separate action; rather, the undersigned may only address civil rights claims raised in this action. Moreover, plaintiff failed to identify any

3

additional relief sought in the attachment to his complaint. Plaintiff cannot proceed with his civil rights complaint without identifying the relief sought.

C. <u>Doe Defendants</u>

Plaintiff fails to provide the name of any individual in connection with his claim concerning the opened mail. The court is unable to order service of process on an individual without the individual's name.

The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, it does not appear that discovery will identify the unknown person responsible for opening plaintiff's legal mail to his attorney. Plaintiff provided a copy of the first level response to his administrative appeal concerning the wrongful opening. The appeal reviewer interviewed C. Bartee, mailroom staff member, who acknowledged that she received plaintiff's confidential legal mail envelope from ISU and it was open, so she wrote "Received in mailroom opened by ISU Dept." on the back of the envelope. (ECF No. 1 at 72.) However, during the interview, she admitted she was not sure ISU staff opened the confidential legal mail envelope because it is possible the mailroom or other staff opened the letter prior to ISU receiving it.

But even assuming a staff person in the ISU opened plaintiff's letter, it is unclear how plaintiff can determine such person's identity through discovery. Unlike the unknown party in <u>Wakefield</u>, who had provided medical treatment and could be identified through medical records, no such records exist in the context of plaintiff's claim. In an abundance of caution, plaintiff's complaint is dismissed with leave to amend to provide plaintiff an opportunity to identify a responsible individual by name to enable the court to order service of process.

D. <u>Wrongful Opening of Legal Mail Outside Plaintiff's Presence</u>

Plaintiff "firmly asserts that an unknown individual/ISU agent/Prison official deliberately, intentionally and willfully opened plaintiff's clearly identifiable envelope as

4

'confidential' outside the presence of [plaintiff]." (ECF No. 1 at 15.) Further, plaintiff contends such letter was "read, photocopied once it had been opened, then sealed with tape before being forwarded to the mailroom," "to gain an advantage against him in his criminal or felony prosecution," stemming from the prison disciplinary he is challenging in his habeas petition, No. 2:18-cv-0238 TLN DMC. (ECF No. 1 at 19.)

The Ninth Circuit has held that the United States Constitution protects the confidentiality of an inmate's "legal mail," that is, properly marked correspondence with a civil or criminal attorney, in that such mail may be opened and inspected for contraband in the inmate's presence, but may not be read by prison officials absent a legitimate penological interest in doing so. See Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1210-1211 (9th Cir. 2017) (holding that inmates have a protected First Amendment interest in having confidential correspondence with attorneys, including civil attorneys, opened only in their presence and reversing dismissal of the complaint for failure to state a claim, but holding that the defendant was entitled to present evidence of a legitimate penological reason for opening the plaintiff's legal mail outside his presence); Mangiaracina v. Penzone, 849 F.3d 1191, 1196 (9th Cir. 2017) (recognizing that "prisoners have a Sixth Amendment right to confer privately with counsel and that the practice of opening legal mail in the prisoner's presence is specifically designed to protect that right," and "clarify[ing] that . . . prisoners have a Sixth Amendment right to be present when legal mail related to a criminal matter is inspected") (citing Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014) (holding that allegations that prison official intentionally read a prisoner's outgoing mail to his appellate criminal defense counsel stated a Sixth Amendment claim)).

Plaintiff is correct that his confidential legal mail should not have been opened outside his presence. However, because it appears plaintiff does not know who opened the mail, it is unclear how he knows the mail was intentionally opened, or how he knows it was photocopied (or whether that is merely plaintiff's speculation). Because plaintiff's complaint must be dismissed to allow him an opportunity to identify an individual by name so that service of process may be ordered, plaintiff is granted leave to provide any additional facts in support of his Sixth Amendment claim.

V. <u>Leave to Amend</u>

Accordingly, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>See, e.g.</u>, <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo</u>, 423 U.S. at 371; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).[1]

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Ramirez v. County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." <u>George</u>, 507 F.3d at 607.

VI. Motion for Injunctive Relief

Along with his complaint, plaintiff filed a request for injunctive relief. However, plaintiff seeks relief this court cannot provide. First, plaintiff again asks the court to consolidate plaintiff's habeas action with this action. As discussed above, it is inappropriate to consolidate civil rights and habeas corpus actions. Second, plaintiff asks the court to stay his criminal proceedings in the Solano County Superior Court based on plaintiff's claims in his federal habeas action, as well as his allegations raised in the instant action.

Plaintiff is advised that absent extraordinary circumstances, this court is barred from directly interfering with ongoing criminal proceedings in state court. See Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."). Plaintiff's allegations do not constitute such extraordinary circumstances. Younger, 401 U.S. at 48-50. Plaintiff may raise his constitutional claims in his ongoing criminal proceedings in state court. Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").

Because the injunctive relief sought by plaintiff is not appropriate relief this court can provide, plaintiff's motion is denied without prejudice.

VII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

////

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5. Plaintiff's motion (ECF No. 2) is denied without prejudice.

Dated: October 18, 2018

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brow2117.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>            Plaintiff,<br><br>     v.<br><br>JANE/JOHN DOE, et al.,<br><br>            Defendants. | No.  2:18-cv-2117 KJN P<br><br><br>NOTICE OF AMENDMENT |

        Plaintiff hereby submits the following document in compliance with the court's order filed_____.

          _____          Amended Complaint

DATED:

                                                        _____
                                                        Plaintiff